# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JAMIE L. MARSHALL, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 6:15-cv-85 |
| | * | |
| v. | * | |
| | * | |
| WARDEN CLAY TATUM; ANTHONY | * | |
| MOBLEY; and ROGERS STATE PRISON, | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs in part with the Magistrate Judge's January 5, 2016, Report and Recommendation, dkt. no. 10, to which objections have been filed. The Court **ADOPTS IN PART** the Report and Recommendation of the Magistrate Judge and **OVERRULES IN PART AND SUSTAINS IN PART** Plaintiff's Objections.

### BACKGROUND

Plaintiff, who is currently housed at Rogers State Prison in Reidsville, Georgia, submitted a Complaint in the above-captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. Dkt. No. 1. The Magistrate Judge conducted the required screening of Plaintiff's

Complaint and recommended that the Court dismiss Plaintiff's claims against Defendants Rogers State Prison and Warden Clay Tatum, as well as Plaintiff's claims against Defendants in their official capacities. Dkt. No. 10. However, the Magistrate Judge found that Plaintiff stated colorable claims for excessive force in violation of the Eighth Amendment against Defendant Anthony Mobley. Id.

## DISCUSSSION

In his Objections to the Magistrate Judge's Report and Recommendation, Plaintiff conceded that the Court should dismiss his claims against Rogers State Prison. Dkt. No. 14, p. 2. As to the recommendation that his official capacity claims be dismissed, Plaintiff states that he is uncertain of what it means to sue a Defendant in his official capacity. However, Plaintiff concedes that if this means to bring suit against the State of Georgia (which it does), then those claims should be dismissed. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation to dismiss all claims against Rogers State Prison and Defendants in their official capacities.

As to Defendant Warden Clay Tatum, the Magistrate Judge pointed out that Plaintiff did not make any allegations against this Defendant in his original Complaint. Dkt. No. 10, p. 5. Thus, it appeared Plaintiff sought to hold Tatum liable based solely on his position as the Warden of Rogers State Prison. In

his Objections, Plaintiff states new allegations against Defendant Tatum. Dkt. No. 14, pp. 3-4. He states that Defendant Tatum knew that CERT team officers at Rogers State Prison maintained a practice of using unprovoked and excessive force against inmates. Id. Specifically, he states that Defendant Mobley, while under Defendant Tatum's supervision, used improper force against inmates on several occasions. Id. Plaintiff alleges that, despite knowledge of these incidents, Defendant Tatum did not take any measures to correct Defendant Mobley's actions until after Mobley's use of force against Plaintiff. Id.

With these new allegations, Plaintiff has plausibly alleged the existence of a custom or policy that resulted in deliberate indifference to Plaintiff's constitutional rights, as well as a history of widespread abuse that put Defendant Tatum on notice of an alleged constitutional deprivation which he then failed to correct. As the Magistrate Judge pointed out in the Report and Recommendation, such allegations are sufficient to state a claim against a supervisory defendant like Defendant Tatum, because they go beyond a theory of respondeat superior. Dkt. No. 10, p. 5 (citing Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011)). Thus, in light of Plaintiff's new allegations, the Court will permit Plaintiff's claims to proceed against Defendant Tatum.

To that end, the Court **DIRECTS** the United States Marshal to serve Defendant Tatum with Plaintiff's Complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's Objections, and this Order. Defendant Tatum is urged to read and follow the Magistrate Judge's instructions for the future litigation of this action.

## CONCLUSION

For the reasons stated above and in the Magistrate Judge's Report and Recommendation, the Court **DISMISSES** Plaintiff's claims against Rogers State Prison and Defendants in their official capacities. Plaintiff's claims against Defendants Tatum and Mobley in their individual capacities remain pending.

**SO ORDERED**, this 14 day of March, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA