# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JAMMIE L. MARSHALL,

    Plaintiff,

v.

WARDEN CLAY TATUM; and CO
ANTHONY MOBLEY,

    Defendants.

CIVIL ACTION NO. 6:15-cv-85

## O R D E R

Presently before the Court are Defendants' Motion to Dismiss, (doc. 19), Plaintiff's Motions for Extension of Time, (docs. 21, 23), and Plaintiff's Motion to Amend his Complaint, (doc. 26). For the reasons and in the manner set forth below, the Court **GRANTS** Plaintiff's Motion for Extension of Time to File Amended Pleadings, (doc. 23), **GRANTS** Plaintiff's Motion to Amend, **DISMISSES as moot** Plaintiff's Motion for Extension of Time to File Response, (doc. 21), and **DISMISSES** Defendants' Motion to Dismiss **without prejudice**.

## BACKGROUND

Plaintiff, who is currently housed at Rogers State Prison in Reidsville, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Constitutional rights. (Doc. 1.) Plaintiff alleges that on June 25, 2016, Defendant Mobley, a correctional officer at Rogers State Prison, used excessive force against Plaintiff in violation of the Eight Amendment. (Doc. 1, p. 5.) In the Court's March 14, 2016 Order adopting in part the Magistrate Judge's Report and Recommendation, (doc. 10), the Court stated that Plaintiff also plausibly alleged enough facts to state a claim against Defendant Tatum. (Doc. 15.) Plaintiff's Complaint was subsequently served on Defendant Tatum. On April 5,

2016, Defendant Tatum filed a Motion to Dismiss, (doc. 19), and Plaintiff filed a Motion for Extension of Time to reply to the Motion to Dismiss as well as to amend his pleading, (docs. 21, 23). Plaintiff then filed a Motion to Amend his Complaint on June 10, 2016. (Doc. 26.)

## DISCUSSION

### I. Plaintiff's Motion to Amend his Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend his complaint once as a matter of right within twenty-one (21) days after a motion is served under Rule 12(b), (e), or (f). Even when a party may not amend as a matter of right, he may amend with the opposing party's written consent, or the court's leave. Fed. R. Civ. P. 15(b). "The court should freely give leave when justice so requires." Id. While leave to amend is generally freely given, it is by no means guaranteed. "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Cooks v. United States, No. CV 114-195, 2015 WL 7069665, at *1 (S.D. Ga. Nov. 13, 2015) (quoting Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005)).

Here, Plaintiff filed his leave to amend outside the twenty-one day window for filing as a matter of right, but Plaintiff did file a Motion for Extension, (doc. 21), citing limited access to legal materials and lack of resources as the delay. Although this Court did not previously rule on the Motion for Extension, it will deem Plaintiff's Amended Complaint as timely filed. Plaintiff states that his Amended Complaint adds more factual allegations to supplement his claim against Defendant Tatum, and removes Rogers State Prison as a defendant. (Doc. 26, pp. 1–2.) Accordingly, the Court **GRANTS** Plaintiff's Motion for Extension to File Amended Pleadings, (doc. 23), and **GRANTS** Plaintiff's Motion to Amend, (doc. 26).

**II.    Motion to Dismiss**

Defendants filed a Motion to Dismiss on April 22, 2016, questioning the sufficiency of Plaintiff's Complaint. (Doc. 19.) However, Plaintiff's request to amend could directly impact the questions underlying the Motion to Dismiss, particularly because "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Consequently, Plaintiff's Amended Complaint, (doc. 27), moots Defendants' Motion to Dismiss the original Complaint. Perkins v. Kushla Water Dist., No. CIV.A. 13-00286-KD-B, 2013 WL 4511329, at *1 (S.D. Ala. Aug. 23, 2013) ("Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion [to dismiss] is moot.") (citing Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); DeSisto College v. Line, 888 F.2d 755, 757 (11th Cir. 1983); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002)). Accordingly, the Amended Complaint also moots Plaintiff's Motion for Extension of Time to File a Response to Defendant's Motion to Dismiss. (Doc. 21.)

Thus, the Court **DISMISSES** Defendants' Motion to Dismiss **without prejudice** and **DISMISSES as moot** Plaintiff's Motion for Extension of Time to File a Response. Defendant Tatum may reassert his Motion, if proper, after accounting for Plaintiff's Amended Complaint.[1]

## CONCLUSION

For the reasons and in the manner set forth above, the Court **GRANTS** Plaintiff's Motion to Amend his Complaint, (doc. 26), **GRANTS** Plaintiff's Motion for Extension of Time to File Amended Pleadings, (doc. 23), **DISMISSES as moot** Plaintiff's Motion for Extension of Time to File a Response, (doc. 21), and **DISMISSES without prejudice** Defendants' Motion to

---

[1] Should Defendant reassert his argument regarding Plaintiff's alleged failure to exhaust his administrative remedies, , Defendant is hereby directed to consider and address the impact of the Supreme Court's recent decision in Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850 (June 6, 2016).

3

Dismiss, (doc. 19). Plaintiff's Proposed Amended Complaint, (doc. 27), has already been filed on the docket of this case.. The Court hereby **ORDERS** that the Amended Complaint shall be the operative Complaint in this action. Defendants shall file their responsive pleadings to Plaintiff's Amended Complaint within **twenty-one days** from the date of this Order.[2]

**SO ORDERED**, this 11th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Federal Rule of Civil Procedure 15(a)(3) provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the pleading, whichever is later." Though Defendants were served with Plaintiff's Amended Complaint when it was filed on the Court's docket on June 16, 2016, the Court had not yet granted Plaintiff leave to amend his Complaint.