# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JAMMIE L. MARSHALL,

    Plaintiff,

v.

WARDEN CLAY TATUM; and C.O. ANTHONY MOBLEY,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-85

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while housed at Rogers State Prison ("RSP") in Reidsville, Georgia. (Doc. 1.) Defendants Anthony Mobley and Clay Tatum filed a Motion for Summary Judgment, (doc. 38), to which Plaintiff filed a Response, (doc. 46). For the following reasons, I **RECOMMEND** that the Court **GRANT** Defendants' Motion for Summary Judgment, **DISMISS** Plaintiff's Complaint, **DISMISS AS MOOT** all other pending Motions, and **DIRECT** the Clerk of Court to **CLOSE** this case. In addition, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

Plaintiff first filed his Complaint on July 29, 2015. (Doc. 1.) After the requisite frivolity review, I recommended that only Plaintiff's Eighth Amendment excessive force claims against Defendant Mobley survive. (Doc. 15, p. 1.) Judge J. Randal Hall adopted this Report and

---

[1] The recited allegations are taken from Plaintiff's Amended Complaint and are viewed in the light most favorable to Plaintiff, the non-moving party. Johnson v. Booker T. Washington Broad Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

Recommendation in part, but allowed Plaintiff's claims against Defendant Tatum to continue, as Plaintiff's Objections to the Report and Recommendation "plausibly alleged" claims that "go beyond a theory of respondeat superior." (Doc. 15, p. 3.)

Plaintiff filed an Amended Complaint on June 16, 2016, alleging that on June 25, 2015, Defendant Mobley slapped him across the face during a shakedown of the G-1 dormitory. (Doc. 27, p. 5.) Plaintiff states that at "around 9:30[am] close to 10:00am," a team of CERT officers, including Defendant Mobley, conducted an inspection of the dorm. (Id.) During the search, all inmates were moved to the dayroom, but Plaintiff states that he had to use the restroom. When he attempted to "crawl" back to the dayroom to join the other prisoners, an officer caught him and escorted him back to the restroom. (Id.) Defendant Mobley conducted a strip search, and at this point, a separate officer "found some cigarettes in the dayroom." (Id.) When Defendant Mobley asked Plaintiff where the rest of the cigarettes were, Plaintiff responded that he did not know and "[t]hat's when Officer Mobley slapped/struck [him] on the left side of [his] face." (Id.) Plaintiff further alleges that Defendant Tatum "is responsible for the training, supervision, and control of staff and officer of RSP" and that there has been a "continued custom of verbal and physical abuse . . . at RSP while Tatum has been Warden, which Tatum could have took [sic] corrective actions to prevent but didn't." (Id. at p. 10.)

Defendant Tatum filed a Motion to Dismiss, (doc. 32), but before the Court could rule on that Motion, Defendants filed their Motion for Summary Judgment, (doc. 38). In the Motion for Summary Judgment, Defendants provide an account of the events of June 25, 2015, that conflicts with Plaintiff's. Defendants contend that Defendant Mobley never struck Plaintiff across the face and that Defendant Tatum was unaware of any custom of verbal or physical abuse at RSP. (Doc. 38-2, pp. 1–2.)

**DISCUSSION**

Defendants assert in their Motion that: 1) Plaintiff's Eighth Amendment excessive force claim fails on the merits; 2) Plaintiff's claim against Defendant Tatum fails on the merits and for lack of exhaustion; 3) Defendants are entitled to qualified immunity; and 4) Plaintiff cannot recover his requested relief. (Doc. 38-1.) In moving for summary judgment, Defendants rely on their Statement of Material Facts, Plaintiff's deposition, affidavits, and Plaintiff's medical records. (Doc. 38-3.)

**I.     Standard of Review**

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." See Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that

the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cty., 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)).

**II.    Plaintiff's Use of Force Claim**

Defendants' Statement of Material Facts has some similarities to, but largely contradicts the accounts in Plaintiff's Complaint and Response. Defendants agree that CERT officers did in fact conduct a shakedown of the G-1 dormitory on June 25, 2015; however, their Statement has the shakedown occurring at 2:00 p.m. and not 9:00 a.m. (Doc. 38-2, p. 1.) Furthermore, Defendants state that Plaintiff dropped the contraband tobacco upon leaving the restroom, not that another officer found it in the dayroom, as Plaintiff contends. (Id. at p. 2.) Most significantly, Defendants' Statement of Material Facts indicates Defendant Mobley never used force on Plaintiff, and records from Plaintiff's medical visit that same day reveal the same. (Id.; Doc. 38-8.) At this stage, the Court must accept Plaintiff's version of events rather than Defendants' conflicting account. Nonetheless, for the reasons discussed below, even when accepting Plaintiff's account, Defendants are entitled to summary judgment as a matter of law.

Plaintiff's excessive force claims and Defendants' Motion require analysis of the Eighth Amendment's proscription against cruel and unusual punishment. That proscription governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective

4

and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

However, in this case, Plaintiff's claims fail under the objective component of the Eighth Amendment. The "core judicial inquiry" in excessive force cases looks more toward the use of force rather than the injury sustained. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). However, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9–10 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986) (citations omitted)); see also Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). Even taking Plaintiff's account as true—that Defendant Mobley unjustifiably slapped

Plaintiff's face—the Eleventh Circuit and courts within the Eleventh Circuit have held that a slap without more does not rise to the level of an Eighth Amendment violation. See Ledlow v. Givens, 500 F. App'x 910 (11th Cir. 2012) (slap that potentially resulted in bloody nose and smaller laceration did not constitute Eighth Amendment violation); see also Hibbert v. Harris, 2016 WL 4059148, at *23–24 (N.D. Fla. June 28, 2016), *report and recommendation adopted by* 2016 WL 4059677 (N.D. Fla. July 27, 2016) ("Although not condoned . . . slapping Plaintiff on the head several times does not give rise to a constitutional violation without an allegation that the slapping resulted in injury"); Black v. Butler, No. 2:12-CV-0633-LSC-PWG, 2013 WL 6085980, at *9 (N.D. Ala. Nov. 19, 2013) ("The slap by one officer and the thump in the eye by another, are *de minimis* intrusions that do not violate the Eighth Amendment."); Washington v. Wigington, 2012 WL 3834844 (N.D. Ga. July 27, 2012) (no excessive force found when officers struck plaintiff three times on the head, but plaintiff did not allege any injury or describe force of strikes); Bloodsworth v. Brooks, No. 06-0252-CG-M, 2008 WL 2622772 (S.D. Ala. June 30, 2008) (unjustified slap that caused no injuries was *de minimis* force and not a constitutional violation).

The amount of force that Plaintiff alleges Defendant Mobley used in this case simply does not rise to the level to implicate the Eighth Amendment. Consequently, Plaintiff cannot sustain his Eighth Amendment claim against Defendant Mobley. Likewise, because Defendant Mobley did not violate Plaintiff's Eighth Amendment rights, Plaintiff cannot prove some causal connection between Defendant Tatum's conduct and some constitutional violation. See Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011) ("To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate

6

indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.")

For all of these reasons, the Court should **GRANT** Defendants summary judgment on all claims in this case.

## III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action and Defendants' Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, it is my **RECOMMENDATION** that the Court **GRANT** Defendants' Motion for Summary Judgment, **DISMISS** Plaintiff's Complaint, **DISMISS AS MOOT** all other pending Motions, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA